**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Rick Antonoff
Evan J. Zucker

*Attorneys for Yuri Vladimirovich Rozhkov*
*in his Capacity as Trustee and Foreign*
*Representative for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:

    **NATALIA PIROGOVA**,

              Debtor in a Foreign Proceeding.
-------------------------------------------------------------x

Chapter 15

Case No. 18-_____ (    )

# MOTION OF FOREIGN REPRESENTATIVE FOR
# (I) EX PARTE EMERGENCY RELIEF AND (II) PROVISIONAL RELIEF

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

JURISDICTION AND VENUE ...................................................................................... 1

BACKGROUND ........................................................................................................... 2

REQUEST FOR RELIEF .............................................................................................. 4

BASIS FOR RELIEF ..................................................................................................... 5

I.      GOVERNING LAW ........................................................................................... 5

II.     THE REQUESTED RELIEF IS URGENTLY NEEDED TO PROTECT
        THE DEBTOR'S ASSETS AND THE INTERESTS OF THE ESTATE ......................... 7

III.    THE REQUESTED RELIEF ALSO MEETS THE STANDARDS FOR A
        PRELIMINARY INJUNCTION ................................................................. 8

        A.     The Foreign Representative Is Likely To Succeed On The Merits ...................... 9

        B.     There Will Be Irreparable Harm If An Injunction Is Not Issued ......................... 10

        C.     The Balance Of Harms Weighs Heavily In Favor Of Granting The
               Provisional Relief ............................................................................. 13

        D.     The Public Interest Favors Granting the Requested Injunctive
               Relief .................................................................................................. 14

        E.     No Security Is Required ..................................................................... 15

IV.     ALL PARTIES ARE SUFFICIENTLY PROTECTED ................................................. 15

NOTICE ....................................................................................................................... 16

NO PRIOR REQUEST ................................................................................................. 17

CONCLUSION ............................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*In re Afinsa Bienes Tangibles S.A.*,
  No. 07-10675 (JMP) (Bankr. S.D.N.Y. Mar. 20, 2007) ........................................................7

*In re Alert Holdings, Inc.*,
  148 B.R. 194 (Bankr. S.D.N.Y. 1992)................................................................................13

*In re Alitalia Linee Aeree Italiane S.p.A.*,
  No. 08-14321 (BRL) (Bankr. S.D.N.Y. Nov. 13, 2008)........................................................6

*In re Artimm.*
  278 B.R. 832 (Bankr. CD. Cal. 2002)................................................................................16

*In re Atlas Shipping A/S*,
  404 B.R. 726 (Bankr. S.D.N.Y. 2009)................................................................................14

*In re Baronet U.S.A., Inc.*,
  No. 07-13821 (JMP) (Bankr. S.D.N.Y. Dec. 4, 2007)..........................................................7

*In re Calpine Corp.*,
  365 B.R. 401 (S.D.N.Y. 2007)....................................................................................9, 10

*In re Chemokine Therapeutics Corp.*,
  No. 09-11189 (PJW) (Bankr. D. Del. Apr. 6, 2009).............................................................7

*In re Compania Mexicana de Aviation. S.A. de C.V.*,
  No. 10-14182 (MG) (Bankr. S.D.N.Y. Aug. 5, 2010)..........................................................6

*CT Inv. Mgmt. Co. v. Cozumel Caribe. S.A. de C.V.*,
  482 B.R. 96(Bankr. S.D.N.Y. 2012)...................................................................................16

*Cunard S.S. Co. v. Salen Reefer Servs. AB*,
  773 F.2d 452 (2d Cir. 1985)...............................................................................................14

*In re Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd.*,
  No. 16-13534-mkv (Bankr. S.D.N.Y. Feb. 15, 2017).........................................................10

*In re Gercke*,
  122 B.R. 626 (Bankr. D.D.C. 1991) ..............................................................................12, 13

*In re Mt.Gox Co., Ltd. a/k/a K.K. MtGox*, No. 14-31229 (Bankr. N.D. Tex. Mar.
  10, 2014) .........................................................................................................................6

ii

*In re Innua Can. Ltd.*,
   No. 09-16362 (DHS), 2009 WL 1025088 (Bankr. D. N.J. Mar. 25, 2009) ........................6, 13

*In re Japan Airlines Corp.*,
   No. 10-10198 (JMP), 2010 WL 1050075 (Bankr. S.D.N.Y. Jan. 28, 2010) ...........................6

*In re John Forsyth Shirt Co.*,
   No. 13-10526 (SCC) (Bankr. S.D.N.Y. Feb. 27, 2013)...............................................7

*In re Lines*,
   81 B.R. 267 (Bankr. S.D.N.Y. 1988) .................................................................11

*In re Lyondell Chem. Co.*,
   402 B.R. 571 (Bankr. S.D.N.Y. 2009)..............................................................9, 10

*In re MMG LLC*,
   256 B.R. 544 (Bankr. S.D.N.Y. 2000).............................................................11, 13

*In re Netia Holdings S.A.*,
   278 B.R. 344 (Bankr. S.D.N.Y. 2002) ...............................................................11

*In re Nw. Airlines Corp.*,
   No. 05-17930 (ALG), 2008 WL 630449 (Bankr. S.D.N.Y. Mar. 5, 2008) ...........................10

*In re OAS S.A.. et al.*,
   No. 15-10937 (SMB) (Bankr. S.D.N.Y. April 30, 2015) ..........................................6

*In re Petition of Brierley*,
   145 B.R. 151 (Bankr. S.D.N.Y. 1992) ................................................................12

*In re Petition of Caldas*,
   274 B.R. 583 (Bankr. S.D.N.Y. 2002) ...............................................................11

*In re Petition of Garcia Avila*,
   296 B.R. 95 (Bankr. S.D.N.Y. 2003) .................................................................11

*In re Pro-Fit Int'l Ltd.*,
   391 B.R. 850 (Bankr. CD. Cal. 2008)...............................................................6, 8

*In re PT Berlian Laju Tanker TBK*,
   No. 13-10901 (SMB), (Bankr. S.D.N.Y. March 29, 2013) ........................................7

*In re Qimonda AG*,
   No. 09-14766-RGM, 2009 WL 2210771 (Bankr. E.D. Va. July 16, 2009)...........................9

*In re Rubin*,
   160 B.R. 269 (Bankr. S.D.N.Y. 1993) ................................................................11

iii

*In re Sergey Petrovich Poymanov,*
  No. 17-10516-mkv (Bankr. S.D.N.Y. July 31, 2017) ............................................................10

*In re SIVEC SRL,*
  No. 11-80799-TRC, 2011 WL 2445754 (Bankr. E.D. Okla. Jun. 15, 2011) ............................6

*In re STX Pan Ocean Co.,*
  No. 13-12046 (SCC) (Bankr. S.D.N.Y. July 1, 2013) ............................................................7

*In re Syncapse Corp.,*
  No. 13-12410 (SMB) (Bankr. S.D.N.Y. July 25, 2013) .........................................................7

*In re Toft,*
  453 B.R. 186 (Bankr. S.D.N.Y. 2011) .................................................................................16

*Victrix Steamship Co., S.A. v. Salen Dry Cargo A.B.. et al.,*
  825 F.2d 709 (2d Cir. 1987) ..............................................................................................10

## <u>Statutes</u>

11 U.S.C. § 101(24) ..............................................................................................................10

11 U.S.C. § 105(a) ..................................................................................................................1

11 U.S.C. § 362 ................................................................................................................*passim*

11 U.S.C. § 362(a) ..................................................................................................................4

11 U.S.C. § 362(d) ................................................................................................................14

11 U.S.C. § 1501 ....................................................................................................................1

11 U.S.C. § 1501(a) ................................................................................................................6

11 U.S.C. § 1502(4) ................................................................................................................9

11 U.S.C. § 1519 ....................................................................................................1, 5, 8, 15

11 U.S.C. § 1519(a) ............................................................................................................5, 7

11 U.S.C. § 1519(a)(3) ............................................................................................................5

11 U.S.C. § 1520 ....................................................................................................................1

11 U.S.C. § 1520(a)(1) ......................................................................................................5, 15

11 U.S.C. § 1521 ................................................................................................................1, 5

iv

11 U.S.C. § 1521(a)(7)...................................................................................................5, 8

11 U.S.C. § 1522(a)...........................................................................................................15

11 U.S.C. § 1525...............................................................................................................15

28 U.S.C. § 157...................................................................................................................1

28 U.S.C. § 157(b)(2)(P).....................................................................................................1

28 U.S.C. § 1334.................................................................................................................1

28 U.S.C. § 1410(1).............................................................................................................1

28 U.S.C. § 1410(2).............................................................................................................1

28 U.S.C. § 1410(3).............................................................................................................1

**Other Authorities**

Fed. R. Bankr. P. 7065......................................................................................................15

H. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 116 (2005).......................................15

Yuri Vladimirovich Rozhkov (the "Foreign Representative"), the trustee and foreign representative of Natalia Pirogova (the "Debtor" or Ms. Pirogova) in Ms. Pirogova's pending insolvency proceeding (the "Russian Insolvency Proceeding") under the Russian Federation Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "Russian Bankruptcy Law"), by and through his undersigned U.S. counsel moves (the "Motion") for the entry of two separate orders, both prior to the ultimate granting of recognition.   The first seeks, substantially in the form attach hereto as Exhibit A, on an *ex parte* basis, the entry of a temporary restraining order and related emergency relief. The second, after notice and an expedited hearing, seeks "provisional" relief, substantially in the form attached hereto as Exhibit B, to last until such time as the recognition order may be entered and permanent stays and similar relief may be granted. Both the emergency and provisional relief are requested pursuant to sections 1519, 1520, and 1521 of the Bankruptcy Code, as set forth below. In support of this Motion, the Foreign Representative respectfully submits the *Declaration of Rick Antonoff in Support of Motion for Provisional Relief* (the "Antonoff Declaration") and states as follows:

## JURISDICTION AND VENUE

1.      This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1410(1), (2) and (3).

3.      The statutory predicates for the relief requested herein are sections 105(a), 1519, 1520, and 1521 of the Bankruptcy Code.

## BACKGROUND

4.       Ms. Pirogova is a notorious borrower of money who created numerous companies and used nominee agreements to shield her ownership interest in property from creditors.[1]  As a result of Ms. Pirogova's actions, creditors have attempted to engage in self-help remedies to recover amounts owed to them by the Debtor.

5.       In the United States, there are at least 5 matters affecting the Debtor's property and assets (collectively, the "Pending Actions").

6.       *First*, on January 29, 2016 FGP 1, LLC and Serhii Yefimtsev filed a complaint against Luzia Dubrovsky in the Supreme Court of the State of New York, styled as case no. 650479/2016, concerning the development of an apartment complex located at 172-174 and 176 Madison Avenue, New York, New York (a/k/a 21 East 33rd Street) (the "Madison Avenue Property"). Ms. Dubrovsky purportedly held the Madison Avenue Property as nominee for Ms. Pirogova and purchased the property, through various holding companies, for another entity owned by Ms. Pirogova.   *See* Russian Counsel Declaration at ¶¶ 29, 56. In the complaint, the plaintiffs allege that Ms. Dubrovsky assigned her (and therefore the Debtor's interest) in exchange for consideration worth at least $20 million.   A motion is pending to add Ms. Pirogova as a defendant.   Additionally, the plaintiffs have obtained an order (a) restraining defendant Ms. Dubrovsky from taking any action to convert, spend or transfer any distributions made to certain entities owned by Ms. Dubrovsky or the Debtor, and (b) requiring Ms. Dubrovsky to cause any distributions to these entities on account of the sale of any of the

---

[1] The background concerning the basis for this chapter 15 cases, the Foreign Insolvency Proceeding, and circumstances leading to the chapter 15 filing is set forth in the Declaration of Sergey Sokolov in Support of Verified Petition and Recognition Hearing (the "Russian Counsel Declaration") and the Declaration of Yuri Vladimirovich Rozhkov in Support of Recognition and Provisional Relief (the "Rozhkov Declaration").

condominiums in the Madison Avenue Property, or otherwise, to be deposited in a segregated escrow account pending a resolution of this action or an order of the court.

7. *Second*, on September 29, 2017, Ms. Lana Aferzon obtained a judgment against the Debtor in the amount of $1,445,411.11 in connection with an unpaid loan and a breach of contract action in the United States District Court for the Southern District of New York, styled as Case No. 17-04845. The judgment was entered after the Debtor failed to respond to the complaint. On October 18, 2017 a Writ of Execution was issued with respect to the judgment. To date, Ms. Aferzon has been unsuccessful but continues her efforts to collect upon her judgment.

8. *Third*, on July 11, 2017, Ilona Itskov filed a complaint against the Debtor in the New York County Civil Court concerning a landlord/tenant dispute. While this action is currently still pending, the Foreign Representative has not ascertained any further information concerning this action.

9. *Fourth*, on October 26, 2017 American Express Centurion Bank ("American Express") filed a complaint against Ms, Pirogova in the Circuit Court for Miami Dade County, Florida and designated as Case No. 2017-025073 (the "American Express Action"). In the complaint, American Express alleges that Ms. Pirogova breached a credit account agreement between the parties by incurring credit-card charges in the amount of $50,357.23 and failing to pay American express for such charges. A summons has been issued but American Express, to date, has not successfully effectuated service on Ms. Pirogova. The American Express Action is currently still pending.

3

10.     *Fifth*, on or about November 9, 2017, 7400 Oceanside At Fisher Island Condominium Association, Inc. filed a *lis pends* against the Debtor's property in Florida for outstanding condominium fees owed.

## REQUEST FOR RELIEF

11.     By this Motion, the Foreign Representative seeks two separate orders at two separate hearings:

a.     *first*, on an *ex parte* basis, an emergency order (the "Emergency Order"), which imposes a stay, pursuant to section 362(a) of the Bankruptcy Code, with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States, including without limitation (i) the Pending Actions and all other proceedings, litigations, arbitrations, appeals, mediations or any judicial, quasi-judicial, administrative or other process, relating to or affecting the Debtor or her property, (ii) any act to obtain possession of property of the Debtor or from the Debtor, (iii) any act to exercise control over property of the Debtor, (iv) any act to collect, assess, or recover a claim against the Debtor, and (v) any transfer of property of the Debtor (the "Initial Relief"); and

b.     *second*, after notice and a hearing, an order (the "Provisional Order") extending the Initial Relief to the full extent set forth in the Emergency Order and thereby beginning on the date the Court enters such Provisional Order, enjoining, pursuant to section 362(a) of the Bankruptcy Code, with respect to the Debtor and her property that is within the territorial jurisdiction of the United States, including without limitation (i) the Pending Actions and all proceedings, litigations, arbitrations, appeals, mediations or any judicial, quasi-judicial, administrative or other process, relating to or affecting the Debtor or her property (ii) any act to obtain possession of property of the Debtor or from the Debtor, (iii) any act to exercise control over property of the Debtor, (iv) any act to collect, assess, or recover a claim against the Debtor, and (v) any transfer of property of the Debtor (the "Provisional Relief").

12.     Additionally, the Foreign Representative seeks a provision in the Provisional Order providing that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the contrary, (i) the Provisional Order shall be effective immediately and enforceable upon entry; (ii) the Foreign Representative is not subject to any

stay in the implementation, enforcement, or realization of the relief granted in the Provisional Order; and (iii) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the Provisional Order.

## BASIS FOR RELIEF

I. **GOVERNING LAW**

13.     The requested relief is authorized by sections 1519 and 1521 of the Bankruptcy Code.   Section 1519 of the Bankruptcy Code permits the Court "from the time of filing a petition for recognition until [it] rules on the petition" to grant provisional relief pending recognition of the foreign proceeding where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a). Such relief may include "any relief referred to in paragraph (3), (4), or (7) of section 1521(a)." 11 U.S.C. § 1519(a)(3). Section 1521(a)(7) of the Bankruptcy Code provides that the Court may grant "any additional relief that may be available to a trustee," with exceptions not here relevant. 11 U.S.C. § 1521(a)(7).

14.     The Foreign Representative seeks, through section 1519(a)(3) and 1521(a)(7), application of the stay as set forth in section 362 of the Bankruptcy Code for the purpose of maintaining the status quo to prevent the dissipation of any of the Debtor's assets without the ability of the Foreign Representative to participate on behalf of the Debtor's estate.   Upon recognition of the Russian Insolvency Proceeding as a foreign main proceeding, the section 362 stay will automatically take effect with respect to actions against the Debtor or her property within the United States pursuant to section 1520(a)(1). 11 U.S.C. § 1520(a)(1).

15.     The requested relief is critical to ensuring that the Foreign Representative is able to collect and distribute assets for the benefit of all creditors and other interested parties. The provisional relief requested serves as an "effective mechanism" to implement the chapter 15 policies of promoting cooperation between courts of the United States and courts "of foreign countries involved in cross-border insolvency cases," as it will promote the "fair and efficient administration of cross border insolvencies that protects the interests of all creditors, and other interested entities, including" the Debtor, and the "protection and maximization of the value of the [Debtor's] assets," as intended by section 1501.   11 U.S.C. § 1501(a).

16.     U.S. bankruptcy courts routinely impose the section 362 stay or order similar relief to maintain the status quo pending recognition or disposition of foreign proceedings in ancillary cases under both chapter 15 and former section 304. *See, e.g.*, *In re Compania Mexicana de Aviation. S.A. de C.V.*, No. 10-14182 (MG) [ECF No. 140] (Bankr. S.D.N.Y. Aug. 5, 2010) (provisionally imposing section 362 stay); *In re Japan Airlines Corp.*, No. 10-10198 (JMP), 2010 WL 1050075 (Bankr. S.D.N.Y. Jan. 28, 2010) (same); *In re Alitalia Linee Aeree Italiane S.p.A.*, No. 08-14321 (BRL) [ECF No. 11] (Bankr. S.D.N.Y. Nov. 13, 2008) (same); *In re Pro-Fit Int'l Ltd.*, 391 B.R. 850, 864-65 (Bankr. CD. Cal. 2008) (same); *In re Mt.Gox Co., Ltd. a/k/a K.K. MtGox*, No. 14-31229 (SGJ) [ECF No. 13] (Bankr. N.D. Tex. Mar. 10, 2014) (same); *In re SIVEC SRL*, No. 11-80799-TRC, 2011 WL 2445754 (Bankr. E.D. Okla. Jun. 15, 2011) (same); *In re Innua Can. Ltd.*, No. 09-16362 (DHS), 2009 WL 1025088 (Bankr. D. N.J. Mar. 25, 2009) (same); *see also In re OAS S.A.. et al.*, No. 15-10937 (SMB) [ECF No. 33] (Bankr. S.D.N.Y. April 30, 2015) (temporarily restraining "execution against, attachment or seizure of, creation or perfection of a lien on or in, or similar interference with, or otherwise obtaining any priority claim against, any property" of the chapter 15 debtors within the territorial

6

jurisdiction of the United States); *In re STX Pan Ocean Co.*, No. 13-12046 (SCC) [ECF No. 33] (Bankr. S.D.N.Y. July 1, 2013) (granting provisional injunction that tracked language of section 362); *In re PT Berlian Laju Tanker TBK*, No. 13-10901 (SMB), [ECF No. 24] (Bankr. S.D.N.Y. March 29, 2013) (same); *In re SIFCO S. A.*, No. 14-11179 (REG) [ECF No. 21] (Bankr. S.D.N.Y. May 7, 2014) (granting preliminary injunction); *In re Syncapse Corp.*, No. 13-12410 (SMB) [ECF No. 9] (Bankr. S.D.N.Y. July 25, 2013) (same); *In re John Forsyth Shirt Co.*, No. 13-10526 (SCC) [ECF No. 16] (Bankr. S.D.N.Y. Feb. 27, 2013) (same); *In re Baronet U.S.A., Inc.*, No. 07-13821 (JMP) [ECF No. 12] (Bankr. S.D.N.Y. Dec. 4, 2007) (same); *In re Afinsa Bienes Tangibles S.A.*, No. 07-10675 (JMP) [ECF No. 11] (Bankr. S.D.N.Y. Mar. 20, 2007) (same); *cf. In re Chemokine Therapeutics Corp.*, No. 09-11189 (PJW) [ECF No. 11] (Bankr. D. Del. Apr. 6, 2009) (granting stay on proceedings or enforcement processes pending hearing on a motion to sell certain assets of the foreign debtors seeking foreign non-main recognition).

17.     As application of the section 362 automatic stay has been granted to protect a number of chapter 15 debtors during the interim period preceding a recognition hearing, the Foreign Representative respectfully submits that such relief is both appropriate and necessary in this case.

II.     **THE REQUESTED RELIEF IS URGENTLY NEEDED TO PROTECT THE DEBTOR'S ASSETS AND THE INTERESTS OF THE ESTATE**

18.     The Provisional Relief is urgently needed here to protect the Debtor's assets and to protect the interests of creditors as a whole. *See* 11 U.S.C. § 1519(a). Without the limited application of section 362 of the Bankruptcy Code, there is a real and significant risk that certain creditors and other parties in interest may, upon learning of this chapter 15 case, accelerate taking actions that affect the Debtor's interest in assets.   In particular, the relief is necessary to prevent Ms. Aferzon from executing upon her judgment at the expense of other creditors, to

prevent the entry of default judgment by Ms. Itskov or American Express, staying any further liens from encumbering the Debtor's property in Florida, and staying the litigation concerning the Madison Avenue Property.   While distributions in connection with the Madison Avenue Property are currently being segregated in an escrow account, the Foreign Representative is not receiving notice or other information about such distributions and cannot assure that any distributions will not be made prior to a determination of the estate's interest in the funds.[2]

19.     Absent the requested relief, the estate remains vulnerable to any number of these varied and irreversible harms, particularly after the fact of this chapter 15 filing becomes public. Therefore, provisional relief in the form of a section 362 stay, as permitted under sections 1519 and 1521(a)(7), is necessary to preserve the Debtor's value and grant comity to the Russian Insolvency Proceeding for the sake of ensuring a fair and efficient centralized restructuring -- a primary policy objective of chapter 15.

## III.   THE REQUESTED RELIEF ALSO MEETS THE STANDARDS FOR A PRELIMINARY INJUNCTION

20.     As the Foreign Representative seeks only provisional imposition of the stay under section 362 of the Bankruptcy Code, the standards for injunctive relief arguably are not applicable in this case.   *See In re Pro-Fit Int'l Ltd.*, 391 B.R. 850, 864-65 (Bankr. C.D. Cal. 2008) (satisfaction of the requirements for an injunction unnecessary for section 1519 imposition of section 362 stay because in rem nature of stay differentiates it from injunctive relief, placing it outside the scope of Federal Rule of Civil Procedure 65).   However, if the injunction standards do apply to the relief requested in this Motion, such standards are satisfied.

---

[2] For the avoidance of doubt, this Motion seeks to stay the litigation concerning the Madison Avenue Property. The temporary restraining order and preliminary injunction issued by the state court would remain in effect.

8

21.     A preliminary injunction should be issued where, as here, the following elements are satisfied: (i) there is a likelihood of successful reorganization; (ii) there is an imminent irreparable harm to the debtors' assets in the absence of an injunction, (iii) the balance of harms tips in favor of the moving party, and (iv) the public interest weighs in favor of an injunction. *See In re Lyondell Chem. Co.*, 402 B.R. 571, 588 (Bankr. S.D.N.Y. 2009) (*citing Calpine Corp. v. Nev. Power Co. (In re Calpine Corp.)*, 354 B.R. 45 (Bankr. S.D.N.Y. 2006) *aff'd* 365 B.R. 401 (S.D. N.Y. 2007)).   In evaluating these factors, courts take a "flexible approach and no one factor is determinative." *In re Calpine Corp.*, 365 B.R. 401, 409 (S.D.N.Y. 2007) (internal citations omitted) (*citing Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, 2006 WL 3755175, at *4 (S.D.N.Y. Dec. 20, 2006)).

22.     All four elements are satisfied here.

A.     **The Foreign Representative Is Likely To Succeed On The Merits**

23.     In connection with a request for provisional relief in a chapter 15 proceeding, the Foreign Representative must show that he is likely to obtain recognition of the foreign proceeding. *In re Qimonda AG*, No. 09-14766-RGM, 2009 WL 2210771, at *3 (Bankr. E.D. Va. July 16, 2009) ("The issue upon which [the petitioner] must prevail for an injunction to issue is whether an order of recognition will be entered . . . .").

24.     Here, the Foreign Representative is likely to succeed on the merits by obtaining recognition of the Russian Insolvency Proceeding as foreign main proceeding.   For the reasons set forth in the Verified Petition, the Foreign Representative has demonstrated that the Russian Insolvency Proceeding is a foreign main proceeding, as defined in section 1502(4) of the Bankruptcy Code and that the Foreign Representative is the duly authorized foreign

representative, as defined in section 101(24) of the Bankruptcy Code, for the Debtor. *See* Verified Petition ¶¶ 32 – 44.

25.     Indeed, this Court has previously recognized proceedings under the Russian Bankruptcy Law as foreign main proceedings under Chapter 15. *In re Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd.*, Case No. 16-13534-mkv, Dkt. No. 24 (Bankr. S.D.N.Y. Feb. 15, 2017 ) ; *In re Sergey Petrovich Poymanov*, Case No. 17-10516-mkv (Bankr. S.D.N.Y. July 31, 2017).

26.     Therefore, the Foreign Representative is likely to succeed on the merits.

B.      **There Will Be Irreparable Harm If An Injunction Is Not Issued**

27.     In the absence of the requested injunctive relief, there is a risk of immediate and irreparable harm.

28.     The Russian Insolvency Proceeding is a collective proceeding for the mutual benefit of all parties in interest.   It requires that claims resolution and treatment be centralized in a single forum, ideally under a single insolvency law, and that potentially inconsistent individual remedies be stayed until they can be resolved in accordance with applicable insolvency law principles. Accordingly, in the bankruptcy context, irreparable harm exists where the conduct to be enjoined would, if not stayed, interfere with this process.   *In re Calpine Corp.*, 365 B.R. at 409 (a court may issue a "preliminary injunction in the bankruptcy context where the action to be enjoined is one that threatens the reorganization process"); *see also In re Lyondell Chem. Co.*, 402 B.R. at 590; *Victrix Steamship Co., S.A. v. Salen Dry Cargo A.B.. et al.*, 825 F.2d 709, 713-14 (2d Cir. 1987) ("The equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding; if all creditors could not be bound, a plan of reorganization would fail."); *In re Nw. Airlines Corp.*, No.

10

05-17930 (ALG), 2008 WL 630449, at *6 (Bankr. S.D.N.Y. Mar. 5, 2008). Courts have routinely found irreparable harm to be present when the failure to enjoin local actions would potentially disrupt the orderly administration of a foreign debtor and undermine the fair distribution of assets. *See, e.g., In re Petition of Garcia Avila*, 296 B.R. 95, 114 (Bankr. S.D.N.Y. 2003) (recognizing irreparable harm if creditors were permitted to pursue their individual remedies and thereby "diminish the recovery available to other creditors and possibly wreck the [foreign debtor's] reorganization efforts").

29.    As set forth above, there are a number of pending actions against the Debtor seeking to affect the Debtor's property and equity interests. Indeed, one creditor has already obtained a judgment against the Debtor and has been attempting to enforce its judgment.

30.    Case law confirms that actions which threaten to seize or dissipate a debtor's assets pose the risk of irreparable injury under the standards for injunctive relief. *See In re MMG LLC*, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) ("[I]rreparable harm exists whenever local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of other creditors."); *In re Netia Holdings S.A.*, 278 B.R. 344, 352-53 (Bankr. S.D.N.Y. 2002) (finding irreparable injury in the "dissipation of the finite resources of an insolvent estate"); *In re Petition of Caldas*, 274 B.R. 583, 598 (Bankr. S.D.N.Y. 2002) (same); *In re Rubin*, 160 B.R. 269, 283 (Bankr. S.D.N.Y. 1993) ("[T]here appears to be little dispute regarding the notion that the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury."); *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988) ("[T]he premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury.").

11

31.    Here, that risk is imminent. Ms. Aferzon has a judgment and writ of execution and has already tried to enforce the judgment.   Additionally, Ms. Pirogova has not appeared in the New York County Civil Court with respect to the landlord tenant dispute commenced by Ms. Itskov or in the Circuit Court for Miami-Dade County with respect to the American Express Action.   Thus, there is a chance of a default judgment in both actions and additional writs of execution being issued against the Debtor's assets.   Finally, the litigation over the Madison Avenue Property concerns a potentially valuable estate asset and continuation without the Foreign Representative's participation impairs the estate's interest.   As such, the Foreign Representative respectfully submits that it is imperative that the Court grant the relief requested herein in order to maintain the status quo and prevent some creditors from obtaining superior rights in the property of the Debtor while the petition is pending.   If this Court were to refuse to grant the relief requested herein, it may invite creditors to seek their own remedies to collect the Debtor's asset and encourage those who may have an interest in the Debtor's property to transfer and conceal the property.   The result will irreversibly damage the Foreign Representative's ability to recover assets for the equitable benefit of all creditors.

32.    As noted above, adverse creditor actions of any kind will strain the Foreign Representative's limited remaining resources, disrupt the orderly resolution of claims in the Russian Insolvency Proceeding, and undermine the authority of a Russian court to preside over that resolution.   Courts have held that disruption of such orderly resolution constitutes irreparable harm. *See In re Petition of Brierley*, 145 B.R. 151, 168 (Bankr. S.D.N.Y. 1992) ("Harm to the estate exists from the failure to grant injunctive relief in the form of disruption of an orderly determination of claims and the fair distribution in a single case.") (internal quotation marks and citation omitted); *In re Gercke*, 122 B.R. 626, 626 (Bankr. D.D.C. 1991) ("Harm to

the estate also exists in the form of disruption of an orderly determination of claims and the fair distribution in a single case.").

33.     Further, forcing the Foreign Representative to participate in numerous litigations concerning the Debtor's assets in forums foreign to Mr. Rozhkov would deplete the resources available for distribution to creditors as a whole and violate the principle of equal treatment of creditors with similar claims. *See In re Gercke*, 122 B.R. at 626 (finding in a former section 304 case that expending available resources on litigation outside the bankruptcy process "would constitute diversion of funds needed for the purpose of maximizing value," which "would constitute irreparable harm"); *In re MMG LLC*, 256 B.R. at 555 (Bankr. S.D.N.Y. 2000) (noting that "[i]rreparable harm may result if the foreign representative is forced to participate in expensive litigation that threatens to drain the assets of the estate"); *cf. In re Alert Holdings, Inc.*, 148 B.R. 194, 200 (Bankr. S.D.N.Y. 1992) (holding in a chapter 11 case that "where there is a showing that the action sought to be enjoined would . . . delay or otherwise impede the reorganization proceedings or if the stay is necessary to preserve or protect the debtor's estate and reorganization prospects, the Bankruptcy Court may issue injunctive relief").

34.     Therefore, there will be irreparable harm if the Emergency Order and Provisional Order are not granted.

   C.     **The Balance Of Harms Weighs Heavily In Favor Of Granting The
          Provisional Relief**

35.     The balance of harms also weighs in favor of granting the provisional relief and imposing the section 362 stay.   The stay will function to preserve the assets of the Debtor pending a determination by this Court of whether the Russian Insolvency Proceeding should be recognized.   *See In re Innua Canada Ltd.*, No. 09-16362, 2009 WL 1025088, at *4 (Bankr. D.N.J. Mar. 25, 2009) (finding that the temporary maintaining of the status quo pending

recognition of the foreign proceedings actually served to benefit creditors "by allowing for an orderly administration of the [f]oreign [d]ebtors' financial affairs under the [foreign] [p]roceeding," tipping the balance of harms in favor of the foreign representative).   Following recognition of the Russian Insolvency Proceeding as a foreign main proceeding with respect to the Debtor, continuation of the stay will not bar parties (including creditors currently seeking self-help actions) from participating in the Russian Insolvency Proceeding.   Further, creditors in this case benefit from the many internal limitations, restrictions, and qualifications of a provisional stay. Should any creditor feel unduly burdened by the Court's granting of the requested relief, it may petition the Court for relief from the stay for "cause." *See generally* 11 U.S.C. § 362(d).

36.   Granting of the requested relief would cause little if any harm to creditors. The provisional relief would only be temporary, pending the hearing on recognition. Imposition of the stay will not affect the ability of holders of claims against the Debtor to assert those claims in the Russian Insolvency Proceeding.   The fact that certain creditors "may be denied an advantage over the debtor's other . . . creditors is not a valid reason to deny relief to the foreign representative." *In re Atlas Shipping A/S*, 404 B.R. 726, 742 (Bankr. S.D.N.Y. 2009).   In the absence of the provisional relief, the harm to the Debtor's estate would be greater than any potential prejudice to some creditors that might wish to pursue individual actions in the United States in disregard of the Russian Insolvency Proceeding.

D.   **The Public Interest Favors Granting the Requested Injunctive Relief**

37.   Granting the requested provisional relief would also effectuate the public policy considerations underpinning chapter 15 and serve the public interest.   Imposing the stay would further the Bankruptcy Code's general goal of avoiding piecemeal distribution and depletion of a

14

debtor's estate and the attendant inequitable distribution of property among claimholders. *See*

*Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 459 (2d Cir. 1985) (noting in a case

under former section 304 the strong "public interest in the fair and efficient distribution of assets

in a bankruptcy").   Moreover, granting the relief requested herein would promote Congress'

stated purposes of chapter 15, among which are (i) to foster fair and efficient administration of

cross-border insolvencies that protects the interests of all creditors, and other interested parties,

including the debtor; (ii) to protect and maximize the value of the debtor's assets; (iii) to

facilitate the rescue of financially troubled businesses, thereby protecting investment and

preserving employment; and (iv) to promote cooperation between the courts and court-appointed

administrators in the United States with those in competent foreign jurisdictions involved in

cross-border insolvency cases. *See* 11 U.S.C. §§ 1501(a) and 1525.

> E.     **No Security Is Required**

38.     No security is required for the provisional relief requested here as the Bankruptcy

Rules do not require that the debtor post security in order to obtain injunctive relief. *See* Fed. R.

Bankr. P. 7065. At any rate, security would be unwarranted in the present circumstances, as the

Debtor's assets are under the jurisdiction of a Russian court and the provisional relief requested

would last only until this Court's ruling on the Verified Petition, as upon its recognition of the

Russian Insolvency Proceeding as a foreign main proceeding with respect the Debtor, the section

362 stay would automatically take effect. 11 U.S.C. § 1520(a)(1).

## IV.   **ALL PARTIES ARE SUFFICIENTLY PROTECTED**

39.     As required under section 1522(a) of the Bankruptcy Code, all parties are

"sufficiently protected" by the requested provisional relief.   Relief under section 1519 of the

Bankruptcy Code should be denied only for a lack of sufficient protection "if it is shown that the

foreign proceeding is seriously and unjustifiably injuring United States creditors." H. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 116 (2005).  A determination of sufficient protection "requires a balancing of the respective parties' interests." *CT Inv. Mgmt. Co. v. Cozumel Caribe. S.A. de C.V.*, 482 B.R. 96, 108(Bankr. S.D.N.Y. 2012); *see In re Toft*, 453 B.R. 186, 196 n. 11 (Bankr. S.D.N.Y. 2011) ("[A] court should tailor relief balancing the interest of the foreign representative and those affected by the relief"). The discretion granted under this provision "typically points in favor of granting relief to section 304 petitioners." *In re Artimm*. 278 B.R. 832, 837 (Bankr. CD. Cal. 2002) (discussing discretion to afford similar relief under chapter 15's predecessor).

40.     Here, all parties are "sufficiently protected," and the narrowly tailored relief requested herein will not impose any hardship on any parties that is not outweighed by the benefits to the Debtor's estate and all parties in interest, for the reasons articulated above. The requested relief will preserve the Debtor's assets in the United States for the benefit of all creditors.

41.     Furthermore, the Debtor's assets are already subject to the control and jurisdiction of a Russian court, and the section 362 stay is accompanied by its own protections and framework for modification.   If creditors or litigation parties can make the requisite showing that cause exists for lifting the section 362 stay, then this Court may allow such parties to take actions against the Debtor and her assets located in the United States.   Accordingly, as all parties in interest are appropriately protected, the temporary relief sought here should be granted.

## **NOTICE**

42.     The Foreign Representative respectfully requests that this Court, by means of the proposed Emergency Order (i) grant immediate injunctive relief, (ii) schedule an objection

16

deadline ("Objection Deadline") as to preliminary injunctive relief and the Provisional Order; and (iii) if an objection is filed by the Objection Deadline, schedule a hearing on the preliminary injunction and the Provisional Order in accordance with Rule 65 of the Federal Rules of Civil Procedure (such date, the "Hearing Date").   If no objection is filed by the Objection Deadline, the hearing on the Hearing Date will be cancelled and the Emergency Order will remain in effect until the Court determines whether or not to recognize the Russian Insolvency Proceeding (hearing on recognition in this context will be scheduled by the Court at its earliest convenience after the Objection Deadline and the cancellation of the Hearing Date).   The Petitioner proposes that once a Hearing Date has been set by the Court, notice will be given by overnight mail upon all parties listed on Foreign Representative's *Lists and Statements Filed Pursuant to Bankruptcy Rule 1007(a)(4)* and the Office of the United States Trustee.

43.     The Foreign Representative has exercised reasonable diligence in providing notice to parties in interest in the United States and believes that no further notice is necessary.

### NO PRIOR REQUEST

44.     No previous request for the relief requested herein has been made to this or any other court.

17

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court grant this

Motion and enter: (i) the Emergency Order, on an *ex parte* basis; (ii) the Provisional Order after

notice and a hearing; and (iii) any such other relief as this Court determines is fair and just under

the circumstances.

Dated: New York, New York
    March 30, 2018

BLANK ROME LLP

By:    /s/ Evan J. Zucker
        Rick Antonoff
        Evan J. Zucker
        The Chrysler Building
        405 Lexington Avenue
        New York, NY 10174
        (212) 885-5000

*Attorneys for Yuri Vladimirovich Rozhkov
in his Capacity as Trustee and Foreign
Representative for the Debtor*

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

    **NATALIA PIROGOVA**,

            Debtor in a Foreign Proceeding.
-----------------------------------------------------------------x

Chapter 15

Case No. 18-_____ (   )

### <u>TEMPORARY RESTRAINING ORDER PROVIDING PROVISIONAL RELIEF</u>

Upon the motion (the "<u>Motion</u>") of Yuri Vladimirovich Rozhkov (the "<u>Foreign Representative</u>"), the trustee and foreign representative of Natalia Pirogova (the "<u>Debtor</u>" or Ms. Pirogova) in Ms. Pirogova's pending insolvency proceeding (the "<u>Russian Insolvency Proceeding</u>") under the Russian Federation Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "<u>Russian Bankruptcy Law</u>"), by and through his undersigned U.S. counsel moves (the "<u>Motion</u>") for a provisional temporary restraining order and a preliminary injunction, pursuant to sections 105(a), 1507, 1519, and 1521 of the Bankruptcy Code, and upon the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding And Granting Further Relief* (and all exhibits appended thereto) (the "<u>Verified Petition</u>"), the *Declaration of Rozhkov in Support of Provisional Relief and the Recognition Hearing*, and the *Declaration of Rick Antonoff in Support of the Motion*, the Court finds and concludes solely for the purposes of this Order pending a hearing on the preliminary injunction if an objection is filed to this Motion by the deadline set forth herein, as follows:

1.    The Foreign Representative commenced a case ancillary to a foreign proceeding on behalf of the Debtor with this Court pursuant to chapter 15 of the Bankruptcy Code;

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and venue is proper pursuant to 28 U.S.C. § 1410;

3.       This Court, pursuant to sections 105(a), 1507, 1519 and 1521 of the Bankruptcy Code, may issue any order as may be necessary or appropriate to carry out the provisions of the Bankruptcy Code, including but not limited to issuing a temporary restraining order; and

4.       From specific facts in the Verified Petition and by the Motion, it appears that

a.       immediate and irreparable injury, loss or damage would result to the Debtor before the adverse parties or those parties' attorneys can be heard in opposition;

b.       without the relief sought the Debtor will suffer prejudice in the pending litigations and diminution of property; and

c.       the relief requested is in the best interests of the Debtor, its creditors and other parties in interest.

NOW THEREFORE, IT IS HEREBY ORDERED that a temporary restraining order is issued, on this _____ day of April, 2018 at _____ a.m./p.m., without notice, enjoining all individuals, firms, corporations, governmental bodies or agencies, or any other entities (all of the foregoing, collectively being "Persons" and each being a "Person"), and all those acting for or on behalf of any Person, from taking the following actions in the United States and its territories:

a.       the commencement or continuation of any action, including the Pending Actions (as defined in the Motion) and all other proceedings, litigations, arbitrations, appeals, mediations or any judicial, quasi-judicial, administrative or other process, relating to or affecting the Debtor or her property;

b.       any action or proceeding, directly or indirectly, to obtain possession of property of the Debtor or property from the Debtor;

c.       any act to exercise control over property of the Debtor;

d.       any act to collect, assess, or recover a claim against the Debtor; and

e.       any transfer of property of the Debtor (collectively, the "Stayed Actions");

and it is further

ORDERED, that Section 362 of the Bankruptcy Code shall apply with respect to the Debtor and her property within the territorial jurisdiction of the United States, and the Stayed

2

Actions shall be enjoined, until either (x) an objection is filed in respect of the Provisional Relief and the Court decides whether to grant the Debtor's request for a Provisional Order, or (y) if no objection is filed in respect of the Provisional Relief, the Court decides whether to grant the Verified Petition and recognize the Russian Insolvency Proceeding at a hearing to be scheduled by the Court in such a circumstance after the hearing on the Provisional Order has been cancelled; and it is further

ORDERED, that nothing herein shall affect the temporary restraining order and preliminary injunction issued by the Supreme Court of the State of New York with respect to the Madison Avenue Property and such orders and injunction shall continue to be in effect and enforced; and it is further

ORDERED, that pursuant to Rule 7065 of the Bankruptcy Rules, the security provisions of Rule 65(c) of the Federal Rules be, and the same hereby are, waived; and it is further

ORDERED, that service of the Motion, the declarations in support thereof, the Verified Petition, and this Order on April ____, 2018 by overnight delivery on (a) the Office of the United States Trustee and (b) all parties against whom injunctive relief is being sought pursuant to the relief herein, including all parties to litigation pending in the United States at the time of filing of the chapter 15 petition, shall constitute good and sufficient service and adequate notice of this Order; and it is further

ORDERED that, if an objection has been filed as contemplated by this order, a hearing on the Foreign Representative's request for a Provisional Relief will be held before the Honorable [_____], United States Bankruptcy Judge, in Room [__] of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, on April ___, 2018 (the "Provisional Relief Hearing") at

3

[_____] a.m./p.m, or as soon thereafter as counsel may be heard; and it is further

ORDERED, that objections, if any, to the Foreign Representative's request for Provisional Relief must be made in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the objection and the specific grounds therefor, and shall be filed with the Court with a copy to Chambers, together with proof of service thereof, and shall be served in a manner so as to be received by _:__p.m. on April ___, 2018 by Blank Rome LLP, attorneys for the Foreign Representative, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174, Attention: Rick Antonoff and Evan J. Zucker.

Dated: New York, New York
         April [__], 2018

_____
United States Bankruptcy Judge

4

## **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

In re:

    **NATALIA PIROGOVA**,

                 Debtor in a Foreign Proceeding.

-------------------------------------------------------------x

Chapter 15

Case No. 18-_____ (   )

**PROVISIONAL ORDER GRANTING STAY**

Upon the motion (the "Motion") of Yuri Vladimirovich Rozhkov (the "Foreign Representative"), the trustee and foreign representative of Natalia Pirogova (the "Debtor" or Ms. Pirogova) in Ms. Pirogova's pending insolvency proceeding (the "Russian Insolvency Proceeding") under the Russian Federation Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "Russian Bankruptcy Law"), by and through his undersigned U.S. counsel moves (the "Motion") for a provisional relief in the form of a a preliminary injunction, pursuant to sections 105(a), 1507, 1519, and 1521 of the Bankruptcy Code, and upon the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding And Granting Further Relief* (and all exhibits appended thereto) (the "Verified Petition"), the *Declaration of Ruzkhov in Support of Provisional Relief and the Recognition Hearing*, and the *Declaration of Rick Antonoff in Support of the Motion*, and upon the *Temporary Retraining Order Providing Provisional Relief* (the "Emergency Order") entered on _____, 2018; and the hearing to consider entry of the Provisional Order having been held on _____, 2018 (the "Hearing"): and upon the record of the Hearing and statements of counsel therein; and it appearing that, based on the circumstances, due and sufficient notice of the Verified Petition, Motion, the Emergency Order, and the Hearing has been given by the Foreign Representative; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

1.      The Foreign Representative commenced a case ancillary to a foreign proceeding

on behalf of the Debtors with this Court pursuant to chapter 15 of the Bankruptcy Code;

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and

157 and venue is proper pursuant to 28 U.S.C. § 1410;

3.      This Court, pursuant to sections 105(a), 1507, 1519 and 1521 of the Bankruptcy

Code, may issue any order as may be necessary or appropriate to carry out the provisions of the

Bankruptcy Code, including but not limited to issuing a preliminary injunction; and

4.      There will be irreparable harm unless the Debtor's creditors, litigation

counterparties (or potential litigation counterparties), and other parties in interest are

preliminarily enjoined to the extent provided in this Order.

NOW THEREFORE, IT IS HEREBY ORDERED that all individuals, firms, corporations,

governmental bodies or agencies, or any other entities (all of the foregoing, collectively being

"Persons" and each being a "Person"), and all those acting for or on behalf of any Person, are

enjoined and prohibited from taking the following actions in the United States and its territories:

    a.  the commencement or continuation of any action, including the Pending Actions (as defined in the Motion) and all other   proceedings, litigations, arbitrations, appeals, mediations or any judicial, quasi-judicial, administrative or other process, relating to or affecting the Debtor or her property;

    b.  any action or proceeding, directly or indirectly, to obtain possession of property of the Debtor or property from the Debtor;

    c.  any act to exercise control over property of the Debtor;

    d.  any act to collect, assess, or recover a claim against the Debtor; and

    e.  any transfer of property of the Debtor (collectively, the "Stayed Actions");

and it is further

ORDERED, that section 362 of the Bankruptcy Code shall apply with respect to the

Debtor and her property within the territorial jurisdiction of the United States, and the Stayed

2

Actions shall be enjoined, until either (x) an objection is filed in respect of the Provisional Relief and the Court decides whether to grant the Debtor's request for a Provisional Order, or (y) if no objection is filed in respect of the Provisional Relief, the Court decides whether to grant the Verified Petition and recognize the Russian Insolvency Proceeding at a hearing to be scheduled by the Court in such a circumstance after the hearing on the Provisional Order has been cancelled; and it is further

ORDERED, that nothing herein shall affect the temporary restraining order and preliminary injunction issued by the Supreme Court of the State of New York with respect to the Madison Avenue Property and such orders and injunction shall continue to be in effect and enforced; and it is further

ORDERED, that pursuant to Rule 7065 of the Bankruptcy Rules, the security provisions of Rule 65(c) of the Federal Rules be, and the same hereby are, waived; and it is further

ORDERED that each of the Foreign Representative and the Debtor is entitled to the full protections and rights available pursuant to section 1519(a) of the Bankruptcy Code; and it is further

ORDERED that the stay of actions and proceedings against the Debtor described herein shall remain in full force and effect from the date hereof until the date on which a final determination is made by this Court with respect to the Verified Petition and an order is entered in this chapter 15 case giving effect to such determination; and it is further

ORDERED, that this Order without prejudice to the right of the Petitioner to seek additional relief under applicable provisions of the Bankruptcy Code (including, without limitation, section 1519 of the Bankruptcy Code) and without prejudice to the right to seek any remedy or to pursue any further relief; and it is further

3

ORDERED, that notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

Dated: New York, New York
      April [___], 2018

                                                   _____
                                                   United States Bankruptcy Judge